**E-FILED**
Thursday, 13 November, 2014  10:21:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | 3:14-cv-3347 |
| | ) | |
| Perfect Choice Exteriors, LLC, a Missouri | ) | |
| limited liability company registered to do business | ) | |
| in Illinois, | ) | **COMPLAINT FOR** |
| | ) | **INJUNCTION AND** |
| Defendant. | ) | **OTHER EQUITABLE** |
| | ) | **RELIEF** |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

1.    NOW COMES the plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by LISA MADIGAN, Attorney General of the State of Illinois, and brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*., ("TCPA"), and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §6101, *et seq*., ("Telemarketing Act"), complaining of Defendant Perfect Choice Exteriors, LLC, a Missouri limited liability company registered to do business in Illinois ("PCE"). Plaintiff seeks a permanent injunction and other equitable relief, based upon the defendant's violations of the TCPA and of the Telemarketing Act in connection with placing telemarketing solicitations to consumers whose telephone numbers have been registered with the National Do Not Call Registry.

2.    Plaintiff, as part of the same case or controversy, also brings this action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.,

("Consumer Fraud Act"), and Attorney General Madigan's common law authority to represent the people of the State of Illinois.

## JURISDICTION AND VENUE

3.  This court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1337(a), 47 U.S.C. §227(f)(2), and 15 U.S.C. §6103(a), and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

4.  Venue in this matter is proper in this judicial district pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 47 U.S.C. §227(f)(4) and 15 U.S.C. §6103(e), in that defendant has transacted business in this district.

5.  The plaintiff notified the Federal Communications Commission of this civil action in writing on or about November 5, 2014.

6.  The plaintiff notified the Federal Trade Commission of this civil action in writing on or about November 5, 2014.

## PARTIES

7.  The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 47 U.S.C. §227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Illinois, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.

8.  The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 15 U.S.C. §6103 to file actions in federal district court to enjoin violations of and enforce compliance with the Telemarketing Act on behalf of residents of

2

the State of Illinois, and to obtain damages, restitution, or other compensation on behalf of residents of Illinois, or to obtain such further and other relief as the court may deem appropriate.

9.      The plaintiff, by Lisa Madigan Attorney General of the State of Illinois, is charged, *inter alia*, with the enforcement of the Consumer Fraud Act.

10.     PCE is a foreign limited liability company registered to business in the State of Illinois.

11.     PCE's principal place of business is at 1523 South Old Highway 94, suite D, St. Charles, Missouri 63033.

12.     For purposes of this Complaint, any references to the acts and practices of PCE shall mean that such acts and practices are by and through the acts of said entity's owners, officers, directors, employees, partners, or other agents.

## DEFENDANT'S BUSINESS PRACTICES

13.     PCE is, and at all times relevant to this Complaint, has been doing business and transacting business as a provider of certain products and services, including, but not limited to, selling and installing residential windows, siding, and roofing.

14.     In order to attempt to sell its products and services, PCE directs telemarketing solicitations to, or causes them to be directed to, consumers, including, but not limited to, Illinois consumers.

15.     On at least 62 occasions since 2012, Illinois consumers have complained of receiving unsolicited telemarketing calls from PCE despite being registered on the Do Not Call registry.

16.     Upon information and belief, PCE has sent telemarketing calls to Illinois consumers whose numbers are registered on the Do Not Call list but have not complained to the Illinois

Attorney General's Office.

17.    In several instances, Illinois consumers have complained that PCE continued to call them despite the consumer informing PCE that they were on the Do Not Call list and despite them specifically requesting PCE to take them off of their telemarketing list.

## APPLICABLE STATUTES

### FEDERAL

#### TELEPHONE CONSUMER PROTECTION ACT AND RULES PROMULGATED PURSUANT TO SAME

18.    The TCPA, enacted in 1991, amended the Communications Act of 1934 by adding 47 U.S.C. §227, which requires the Federal Communications Commission to

> ...initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. ...  The regulations required by (the TCPA) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and parts thereof available for purchase.  If the Commission determines to require such a database, such regulations shall– ... (F) prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database ...

> 47 U.S.C. §227(c)(1) and (c)(3).

19.    In 1992, the Federal Communications Commission promulgated rules pursuant to the TCPA.

20.    On June 26, 2003, the Federal Communications Commission revised its rules and promulgated new rules pursuant to the TCPA.  These new rules provide for a national do not call registry.

21.    47 C.F.R. §64.1200(c) provides in part: "(c) No person or entity shall initiate any telephone solicitation, as defined in paragraph (f)(9) of this section, to: … (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call

4

registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

22.   47 U.S.C. §227(a)(3) and 47 C.F.R. §64.1200(f)(9) provide in part: "The term <u>telephone solicitation</u> means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person ..."

23.   At all times relevant to this complaint, PCE was engaged in the practice of conducting telephone solicitations as defined in the TCPA and the rules promulgated pursuant to the TCPA.

24.   The TCPA provides in part:

> Whenever the attorney general of a State, or an official or agency designated by a State, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents to enjoin such calls, an action to recover for actual monetary loss or receive $500 in damages for each violation, or both such actions. If the court finds the defendant willfully or knowingly violated such regulations, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the preceding sentence

> 47 U.S.C. § 227.

**TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION ACT AND TELEMARKETING SALES RULE PROMULGATED PURSUANT TO SAME**

25.   In 1994, Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108. On August 16, 1995, the FTC adopted the TSR (the "Original TSR"), 16 C.F.R. Part 310,

which became effective on December 31, 1995.  On January 29, 2003, the FTC amended the TSR by issuing a Statement of Basis and Purpose and the amended TSR (the "Amended TSR").  68 Fed. Reg. 4580, 4669.

26.     Among other things, the Amended TSR established a "do-not-call" registry, maintained by the Commission (the "National Do Not Call Registry" or "Registry"), of consumers who do not wish to receive certain types of telemarketing calls.  Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at donotcall.gov.

27.     Sellers, telemarketers, and other permitted organizations can access the Registry over the Internet at telemarketing.donotcall.gov to download the registered numbers.  Sellers and telemarketers are prohibited from calling registered numbers in violation of the TSR.  16 C.F.R. § 310.4(b)(1)(iii)(B).

28.     Consumers who receive telemarketing calls to their registered numbers can complain of Registry violations the same way they registered, through a toll-free telephone call to 1-888-382-1222 or over the Internet at donotcall.gov, or by contacting law enforcement.

29.     The Amended TSR also requires a telemarketer to honor a person's request to no longer receive telemarketing calls made by or on behalf of the telemarketer. 16 C.F.R. § 310.4(b)(1)(iii)(A).

30.     The defendant is a "seller" or "telemarketer" engaged in "telemarketing," as defined by the TSR, 16 C.F.R. § 310.2.

31.     The defendant, without authorization or other defense, has called consumers' telephone numbers that are on the National Do Not Call Registry in violation of the TSR, and has failed to stop calling consumers' telephone numbers after they requested to no longer be

6

called in violation of the TSR.

32.    Section 6103(e) of the Telemarketing Act authorizes the Attorney General of a state to

enforce the Telemarketing Act and the TSR.

**STATE**

**CONSUMER FRAUD ACT**

33.    Section 2 of the Act (815 ILCS 505/2), provides:

> Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment of any
> deception, fraud, false pretense, false promise, misrepresentation or
> the concealment, suppression or omission of any material fact, with
> intent that others rely upon the concealment, suppression or omission
> of such material fact, or the use or employment of any practice
> described in section 2 of the 'Uniform Deceptive Trade Practices Act',
> approved August 5, 1965, in the conduct of any trade or commerce
> are hereby declared unlawful whether any person has in fact been
> misled, deceived or damaged thereby. In construing this section
> consideration shall be given to the interpretations of the Federal
> Trade Commission and the federal courts relating to section 5(a) of
> the Federal Trade Commission Act.

34.    Subsection 1(f) of the Act [815 ILCS 505/1(f)], defines "trade" and "commerce" as follows:

> The terms 'trade' and 'commerce' mean the advertising, offering for
> sale, sale, or distribution of any services and any property, tangible
> or intangible, real, personal, or mixed, and any other article,
> commodity, or thing of value wherever situated, and shall include any
> trade or commerce directly or indirectly affecting the people of this
> State.

35.    PCE was at all times relevant hereto, engaged in trade and commerce in the State of Illinois,

in that PCE advertised, offered for sale, and sold products and services including, but not

limited to, selling and installing residential windows, siding, and roofing to Illinois

consumers and billed Illinois consumers for the same.

36.    Section 7 of the Consumer Fraud Act, 815 ILCS 505/7, provides:

Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by the Act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by preliminary or permanent injunction the use of such method, act or practice. The Court, in its discretion, may exercise all powers necessary, including but not limited to: injunction, revocation, forfeiture or suspension of any license, charter, franchise, certificate or other evidence of authority of any person to do business in this State; appointment of a receiver; dissolution of domestic corporations or association suspension or termination of the right of foreign corporations or associations to do business in this State; and restitution.

In addition to the remedies provided herein, the Attorney General may request and this Court may impose a civil penalty in a sum not to exceed $50,000 against any person found by the Court to have engaged in any method, act or practice declared unlawful under this Act. In the event the court finds the method, act or practice to have been entered into with intent to defraud, the court has the authority to impose a civil penalty in a sum not to exceed $50,000 per violation.

37.     Section 10 of the Consumer Fraud Act, 815 ILCS 505/10, provides, "In any action brought under the provisions of this Act, the Attorney General is entitled to recover costs for the use of this State".

## VIOLATIONS

### COUNT I- TCPA AND RULES

38.     PCE has violated 47 C.F.R. §64.1200(c)(2) and 47 U.S.C. §227(c), by engaging in a pattern or practice of initiating telephone solicitations to residential telephone subscribers, including subscribers in Illinois, whose telephone numbers were listed on the National Do Not Call Registry.

## PRAYER FOR RELIEF- COUNT I

WHEREFORE, the plaintiff prays that this honorable Court enter an Order:

8

A.     Finding that PCE has violated the TCPA;

B.     Permanently enjoining PCE from violating the TCPA, both generally, and specifically, by enumerating the acts in which PCE is permanently enjoined from engaging;

C.     Assessing against PCE damages of $1,500 for each violation of the TCPA found by the Court to have been committed by PCE willfully and knowingly; if the Court finds PCE has engaged in violations of the TCPA which are not willful and knowing, then assessing against PCE damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

D.     Assessing against PCE all costs incurred by the plaintiff; and

E.     Awarding such other relief as justice and equity may require.

## COUNT II- TSR

39.    Paragraphs 1 through 37 are incorporated herein by reference.

40.    In numerous instances, in connection with telemarketing, PCE has initiated or caused a telemarketer to initiate an outbound telephone call to a person's telephone number on the National Do Not Call Registry in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B).

41.    In numerous instances, in connection with telemarketing, PCE has initiated or caused a telemarketer to initiate an outbound telephone call to a person who previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of Defendant, in violation of the TSR, 16 C.F.R. §310.4(b)(1)(iii)(A).

## PRAYER FOR RELIEF- COUNT II

WHEREFORE, the plaintiff prays that this honorable Court enter an Order:

A.     Awarding the plaintiff such preliminary and permanent injunctive relief enjoining PCE from violating the TSR;

B.     Awarding such relief as the Court finds necessary to redress injury to consumers resulting

from PCE's violations of the TSR, including but not limited to, damages for the residents of Illinois, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten monies; and

C.     Awarding the plaintiff the costs of bringing this action, including reasonable attorney's fees, as well as such other and additional relief as the Court may determine to be just and proper.

## COUNT III- CONSUMER FRAUD ACT

42.     Paragraphs 1 through 37 are incorporated herein by reference.

43.     PCE engaged in a course of trade or commerce which constitutes unfair acts or practices declared unlawful under section 2 of the Act by continuing to place telemarketing calls to Illinois consumers after they requested that PCE cease this activity.

44.     PCE engaged in a course of trade or commerce which constitutes unfair acts or practices declared unlawful under section 2 of the Act by representing, expressly or by implication, that it was legal to place telemarketing calls to consumers when in fact the consumers had placed their phone number on the national do not call registry.

## PRAYER FOR RELIEF- COUNT III

WHEREFORE, the plaintiff prays that this honorable Court enter an Order:

A.     Finding that PCE has violated Section 2 of the Consumer Fraud Act;

B.     Permanently enjoining PCE from violating the Consumer Fraud Act, both generally, and specifically, by enumerating the acts in which PCE permanently is enjoined from engaging;

C.     Assessing a civil penalty in the amount of Fifty Thousand Dollars ($50,000) per violation of the Consumer Fraud Act found by the Court to have been committed by PCE with the intent to defraud; if the Court finds PCE has engaged in methods, acts or practices declared unlawful by the Consumer Fraud Act, without the intent to defraud, then assessing a

10

statutory civil penalty of Fifty Thousand Dollars ($50,000), all as provided in section 7 of

the Consumer Fraud Act;

D.      Requiring PCE to pay all costs for the prosecution and investigation of this action, as

provided by section 10 of the Consumer Fraud Act; and

E.      Awarding such other relief as justice and equity may require.

Respectfully submitted,

THE PEOPLE OF THE STATE OF
ILLINOIS, by LISA MADIGAN,
ATTORNEY GENERAL OF ILLINOIS

s/ Elizabeht Blackston
Elizabeth Blackston #06228859
Chief, Consumer Fraud Bureau

s/ Philip Heimlich
Philip Heimlich #06286375
Assistant Attorney General
Consumer Fraud Bureau
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-4436