UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 14-3347 |
| | ) | |
| Perfect Choice Exteriors, LLC, a Missouri | ) | |
| limited liability company registered to do business | ) | |
| in Illinois, | ) | **FINAL JUDGMENT** |
| | ) | **AND CONSENT** |
| Defendant. | ) | **DECREE** |

**FINAL JUDGMENT AND CONSENT DECREE**

The plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by LISA MADIGAN, Attorney General of the State of Illinois, has filed a complaint for a permanent injunction and other equitable relief in this matter pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*., ("TCPA"), and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §6101, *et seq*., ("Telemarketing Act"), complaining of Defendant Perfect Choice Exteriors, LLC, a Missouri limited liability company registered to do business in Illinois ("PCE"). The plaintiff, as part of the same case or controversy, also brought this action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., ("Consumer Fraud Act"), and Attorney General Madigan's common law authority to represent the people of the State of Illinois.

The plaintiff, by its counsel, and PCE, by its counsel, have agreed to the entry of this Final Judgment and Consent Decree by the Court without trial or adjudication of any issue of fact or law,

1

and without admission of any of the violations of the TCPA or any regulations promulgated pursuant to the TCPA, the Telemarketing Act or any regulations promulgated pursuant to the Telemarketing Act, or the Consumer Fraud Act alleged in the complaint.

### FINDINGS

1. The plaintiff filed its Complaint for Injunctive and Other Relief in this matter on November 13, 2014.

2. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 47 U.S.C. §227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Illinois, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.

3. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 15 U.S.C. §6103 to file actions in federal district court to enjoin violations of and enforce compliance with the Telemarketing Act on behalf of residents of the State of Illinois, and to obtain damages, restitution, or other compensation on behalf of residents of Illinois, or to obtain such further and other relief as the court may deem appropriate.

4. The plaintiff, by Lisa Madigan Attorney General of the State of Illinois, is charged, *inter alia*, with the enforcement of the Consumer Fraud Act.

5. The terms of this Final Judgment and Consent Decree apply to PCE, whether acting through a director, officer, agent, servant, employee, or any other representative.

6. PCE is a foreign limited liability company registered to business in the State of Illinois.

7. PCE's principal place of business is at 1523 South Old Highway 94, suite D, St. Charles,

Missouri 63033.

8. PCE was served properly with Summons and a copy of the Complaint for Injunctive and Other Relief on November 13, 2014.

9. PCE is, and, at all times relevant to the Complaint, has been doing business and transacting business as a provider of certain products and services, including, but not limited to, selling and/or installing residential windows, siding, and roofing.

10. This court has jurisdiction over the subject matter of the complaint and over PCE.

11. Venue is proper in this District.

12. The Complaint for Injunctive and Other Relief states a claim upon which relief may be granted against PCE.

## ORDER

NOW THEREFORE, on the basis of these findings, and for the purpose of effecting this Final Judgment and Consent Decree,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

<u>Injunction</u>

13. In connection with telemarketing, the defendant hereby permanently is restrained and enjoined from engaging in, or causing other persons to engage in:

    A. Initiating any outbound telephone call to a person's telephone number on the National Do Not Call Registry unless:

        i. the defendant has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such consumer's authorization that calls made by or on behalf of the

        defendant may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

    ii.    the defendant has an established business relationship with such person and that person has not stated that he or she does not wish to receive outbound telephone calls from the defendant. An established business relationship means a relationship between the defendant and a person based on: (a) the person's purchase, rental, or lease of the defendant's goods or services or a financial transaction between the person and the defendant, within the eighteen months immediately preceding the date of the telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the defendant, within the thirty days immediately preceding the date of a telemarketing call when such telemarketing call is an intrastate call within Illinois, or for all other telemarketing calls, within the three months immediately preceding the date of a telemarketing call; or

B.    Initiating any outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the defendant;

C.    Any other act or practice that, notwithstanding the foregoing, is a violation of the Telemarketing Sales Rule, 16 C.F.R. Part 310, of the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA) or the rules promulgated pursuant to the TCPA by the Federal Communications Commission, or of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.

### Training Policies And Procedures

14. Within ninety (90) days of the execution of this document, PCE shall develop and implement a policy and training procedure designed to ensure that its sales personnel comply with this Consent Decree.

15. This policy and training procedure shall include, but not be limited to, regular training of sales personnel, periodic monitoring of sales personnel to ensure compliance with this Consent Decree, and appropriate disciplinary actions for sales personnel who do not comply.

16. PCE shall review and update the policy and training procedure as necessary, or whenever there is a change in applicable law that affects the terms of this Consent Decree, but at least annually.

### Payment to State

17. The Court enters a judgment in favor of plaintiff and against the defendant in the amount of $3,000 to the Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund and may be used by the Illinois Attorney General for any purpose authorized by section 7(e) of the Consumer Fraud Act. Defendant shall mail or hand-deliver said sum of $3,000 to the Office of the Illinois Attorney General, 500 South Second Street, Springfield, Illinois 62706, in the form of a cashier's or certified check made payable to the "Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund" to be received before the entering of this Final Judgment and Consent Decree.

### Distribution of Order

18. PCE shall provide a copy of this Final Judgment and Consent Decree and an accurate summary of the material terms of this Final Judgment and Consent Decree to all of those

partners, officers, and senior managers who have managerial responsibility for the matters subject to the provisions of this Final Judgment and Consent Decree, or other persons, including without limitation, outside consultants, through whom PCE may act who have responsibility for the matters subject to this Final Judgment and Consent Decree.

## Compliance

19. For a period of one (1) year from the date of entry of this Final Judgment and Consent Decree, PCE shall maintain the following records and shall provide the same to the plaintiff within 10 days of the plaintiff's request for the same:

    A. A list of the telephone numbers that PCE used or uses in telemarketing since entry of this Final Judgment and Consent Decree, including any telephone number programmed to transmit for caller-identification purposes, any telephone number provided to consumers receiving telephone calls, and any telephone number listed in any promotional materials or advertisements to generate calls from consumers;

    B. A list of all Subscription Account Numbers PCE has used, uses, or has obtained in connection with the Do Not Call Registry since entry of this Final Judgment and Consent Decree; and

    C. A list of all names under which PCE did or currently does business since entry of this Final Judgment and Consent Decree.

## Continuing Jurisdiction

20. Jurisdiction is retained by this court for the purpose of enforcing this Final Judgment and Consent Decree.

APPROVED:

| | |
|---|---|
| PLAINTIFF, THE PEOPLE<br>OF THE STATE OF ILLINOIS, by<br>Lisa Madigan, Attorney General of Illinois | DEFENDANT, Perfect Choice Exteriors, LLC. |

By: s/ Philip Heimlich

    Philip Heimlich
    Assistant Attorney General
    Consumer Fraud Bureau

By: s/ Angi Triplett

    Angi Triplett President of
    Perfect Choice Exteriors, LLC.

By: s/ Elizabeth Blackston
    Elizabeth Blackston
    Assistant Attorney General
    Chief, Consumer Fraud Bureau


Date Entered:  2/25/2015

/s/ Richard Mills
  RICHARD MILLS
  UNITED STATES DISTRICT JUDGE